# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

Case No.  6:08-mc-108-Orl-35DAB

In re:

**APPLICATION OF CARSTEN REHDER**
**SCHIFFSMAKLER UND REEDEREI GMBH & CO.**

_____

## ORDER

This cause came on for consideration with oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **EMERGENCY MOTION FOR DISCOVERY (Doc. No. 1)** |
| **FILED:** | **October 8, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Petitioner seeks this Court's assistance pursuant to 28 U.S.C. § 1782, in order to obtain

discovery from Respondent Siemens Energy, Inc. ("Siemens"), for use by Petitioner in a proceeding

pending in China.  As some sort of hearing is scheduled in the Shanghai Higher Appeals Court for

November 10, 2008, the motion was presented and ably briefed by both sides on an expedited basis.

The facts are set forth in detail in the papers.  In summary, Siemens was the consignee of a

cargo of two generators that were damaged in transit during a sea voyage in June 2000.  Shortly after,

a declaratory action was filed in the United States District Court for the Eastern District of Louisiana

by the carrier of the cargo, seeking to limit its liability for the damage claimed by Siemens.  The

District Court ruled for the carrier, and the judgment was confirmed by the Fifth Circuit Court of

Appeals.

In March 2001, Siemens arrested the Vessel at the port of Shanghai, China.  Siemens submitted

actions in the Shanghai Maritime Court against, among others, Petitioner, the technical manager of the

Case 6:08-cv-01908-MSS-DAB   Document 9   Filed 10/17/08   Page 2 of 4 PageID 90

Vessel pursuant to a ship management contract.  Defendants raised numerous issues in defense, including lack of jurisdiction.  On June 25, 2003, the Shanghai Maritime Court entered judgment in favor of Defendants.  Siemens appealed.  The Shanghai Higher People's Court remitted the case back to the lower court for rehearing.  On February 21, 2008, the Shanghai Maritime Court gave judgment in favor of Siemens and against the Petitioner.  Petitioner has appealed to the Appeal Court, with proceedings scheduled for next month.

Petitioner asserts that it has recently been advised that Siemens was paid by its cargo underwriters for the damage to the cargo and, if correct, this provides a defense for Petitioner, as Chinese law apparently states that insurers must pursue subrogated recovery actions in China in their own name and not the name of the Assured.  Petitioner thus filed the instant motion pursuant to 28 U.S.C. § 1782, seeking an Order directing Siemens (located in this district) to produce the insurance claim it made to cargo underwriters in connection with the damage, and any insurance payment receipts.  Siemens objects.

The statute, entitled "Assistance to foreign and international tribunals and to litigants before such tribunals," provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigation conducted before formal accusation.

28 U.S.C. § 1782.

As acknowledged by Siemens, the United States Supreme Court has broadly interpreted this provision as granting district courts extensive, albeit discretionary, authority to order discovery in United States courts to assist in a variety of foreign proceedings.  *See Intel Corporation v. Advanced Micro Devices*, 542 U.S. 241 (2004).  Factors to consider include whether the person for whom

discovery is sought is a participant in the foreign proceeding;  the nature of the proceedings and the

"receptivity" to United States federal court assistance; whether the application is an attempt to

circumvent foreign proof gathering restrictions or other policies of a foreign country; and whether the

request is unduly burdensome or intrusive.  *Id.* at 264-5.

Applied here, while Siemens is a party to the foreign action (a factor which weighs against

granting the petition), the evidence before the Court (via a Declaration of Vincent Xu, a Chinese

lawyer and overseas counsel for Petitioner) suggests that China's rules of procedure relating to

discovery are not comparable to our own and that obtaining the information without this Court's

assistance is by no means assured.  With respect to the nature of the proceedings, although the matter

is on appeal (which would foreclose additional evidence presentation in this country) Mr. Xu advises

that the foreign tribunal may well receive the evidence.[1]  Thus, even if it is not clear that China itself

would be "receptive" to  this Court's assistance, it does not appear that the request would necessarily

be futile.  The final factors weigh in favor of allowing the discovery.  As Petitioner's counsel candidly

conceded at hearing, this is basic information which should probably have been sought earlier.[2]

Although Siemens asserts that Petitioner may somehow obtain "undue leverage" if the Court grants

the request, it does not claim that the request is overbroad or that the information is not readily

available.  Indeed, the request at issue here is short, simple and well-defined.  No issue of privilege is

involved, and the burden of compliance is negligible.  In short, while the Court finds that Petitioner

could have and perhaps should have obtained this information earlier, the Court finds the better part

of valor is to grant the request and allow the foreign tribunal to make of it what it will.

---

[1]Siemens argues that the information could have been sought by the Chinese tribunal and the fact that it was not makes the information irrelevant.  If so, there is little prejudice to granting the request, as the tribunal is free to receive it or not.

[2]Petitioner's counsel advised, however, that Petitioner was not a party to the Louisiana litigation.

-3-

It is therefore **ORDERED** that the Petition is **granted.**  Siemens Energy, Inc. a/k/a Siemens Power Generation, Inc. f/k/a Siemens Westinghouse Power Corporation is ordered to produce **no later than October 24, 2008** the following documents to Holland & Knight LLP for examination and photocopying, at Petitioner's expense:

a.   Insurance claim made by Siemens to cargo underwriters AON or another insurance company/cargo underwriter in connection with the cargo of generators damage suffered on July 25, 2000 aboard the M/V INDUSTRIAL BRIDGE;

b.   Insurance payment receipts received by Siemens for the cargo of generators damage suffered on July 25, 2000 aboard the M/V INDUSTRIAL BRIDGE.

**DONE** and **ORDERED** in Orlando, Florida on this 17th day of October, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record